UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAROLD DUTRA, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>BFI WASTE SYSTEMS OF NORTH AMERICA, INC. D/B/A ALLIED WASTE SERVICES OF SAN MATEO,<br><br>            Defendant. | Case No. 12-cv-03338 NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

The issue before the Court is whether Dutra has stated any claim for relief against his former employer, BFI, arising out of BFI's alleged three-week delay in making a settlement payment to Dutra. For the reasons set forth below, the Court finds that Dutra has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and therefore GRANTS BFI's motion to dismiss the complaint, with leave to amend as to the first, second, third, and sixth causes of action, and without leave as to the fourth, fifth, and seventh causes of action.

## I. BACKGROUND

In analyzing claims under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all material facts alleged in the complaint are true. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). The complaint here alleges that Dutra is a former employee of BFI Waste Systems of North America, Inc. ("BFI") who suffered injuries while employed by BFI and became temporarily disabled.

Dkt. No. 7 ¶¶ 3-4, 9. The International Brotherhood of Teamsters Local Union 350 ("Local 350") represented Dutra in arbitration regarding the termination of his employment at BFI. *Id.* ¶ 11. On May 18, 2007, the arbitrator ordered that Dutra be reinstated and awarded $75,000 as back-pay under a collective bargaining agreement. *Id.* The award was not enforced and Dutra was not allowed to return to work at BFI. *Id.* ¶¶ 12-13. On or about November 25, 2009, Local 350 and BFI settled the dispute with Dutra for $35,000 on the condition that Dutra not seek further employment with BFI. *Id.* ¶ 14. Dutra claims BFI delayed payment of the settlement amount by three weeks. *Id.* ¶ 15.

Dutra filed this suit, alleging six causes of action against BFI and Local 350 and its president (the "Union defendants") collectively. Dkt. No. 1. Dutra's complaint alleged causes of action for discrimination under 42 U.S.C. § 1981, breach of contract, and breach of the implied obligation of good faith and fair dealing against all defendants. *Id.* ¶¶ 18-35. The complaint also contained a cause of action against the Union defendants only for breach of the duty to represent, and two causes of action against BFI for breach of fiduciary duty and for violations of California Labor Code §§ 200, 201, et seq. *Id.* ¶¶ 36-54. Dutra subsequently filed a first amended complaint alleging an additional cause of action against Local 350 for negligent misrepresentation. Dkt. No. 7 ¶¶ 55-62. On February 19, 2013, Dutra voluntarily dismissed the Union defendants under Federal Rule of Civil Procedure 41(a). Dkt. No. 14. BFI then moved to dismiss the complaint under Federal Rules of Civil Procedure 4(m) and 12(b)(6). Dkt. No. 16.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a). Dkt. No. 7 ¶¶ 1, 19. The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. Nos. 8, 20.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a

sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556–57) (internal quotation marks omitted). All allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. *VeriSign, Inc.*, 611 F.3d at 501. However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Additionally, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Where a court dismisses for failure to state a claim under Rule 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

### III. DISCUSSION

**A.  BFI's Request for Judicial Notice of the Settlement Agreement Is Granted.**

As a general rule, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (Laporte, J.) (citations omitted). However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record." *Id.* Courts may "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination

by resort to sources whose accuracy cannot reasonably be questioned." *See Datel*, 712 F. Supp. 2d at 983.

Here, BFI requests that the Court take judicial notice of the following documents: (1) the settlement agreement between Dutra and BFI, executed by Dutra on November 25, 2009, and (2) a copy of the settlement check delivered to Dutra on December 14, 2009. Dkt. No. 16 at 3:12-22. Dutra has not opposed this request. Judicial notice of the settlement agreement is appropriate under Federal Rule of Evidence 201 because the complaint refers to the settlement agreement, necessarily relies upon it, and no party questions the authenticity of it. *See, e.g.,* Dkt. No. 7 ¶¶ 25, 37, 51 (referring to the "settlement agreement"); Dkt. No. 22 at 3:24-27 (discussing the contractual duties owed under the "agreement," referencing Exhibit E, Dkt. No. 16-1 at 9-12). While the settlement check is also arguably central to Dutra's claims and he has not questioned its authenticity, the precise length of the alleged delay in payment is not material to the Court's analysis on the present motion to dismiss. The Court grants the request for judicial notice of the settlement agreement, Exhibit E, Dkt. No. 16-1 at 9-12, and denies the request for judicial notice of the settlement check, Exhibit F, Dkt. No. 16-1 at 13-14, as not necessary.

**B.   BFI's Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) Is Granted.**

   **1.   Dutra Fails to State a Claim for Racial Discrimination under 42 U.S.C. § 1981.**

The complaint includes a cause of action against BFI for racial discrimination in contracting under 42 U.S.C. § 1981. Dkt. No. 7 ¶¶ 18-23. 42 U.S.C. § 1981(a) provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . . as is enjoyed by white citizens." Dutra alleges that BFI was "acting in pursuant to official, *de facto* policies and in concert with [Local 350] . . . with the shared objective to injure [Dutra] and others like [him]." Dkt. No. 7 ¶ 22. This vague allegation is insufficient to support a § 1981 claim. As the Ninth Circuit has explained, a § 1981 claim, like a Title VII claim, requires a showing of intentional racial

discrimination. *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 537-39 (9th Cir. 1982); *see also Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (affirming the dismissal of Title VII disparate treatment claim where plaintiff challenged a facially neutral policy and failed to specifically allege discriminatory intent). As Dutra points out, "[t]o establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Jefferson v. City of Fremont*, No. 12-cv-0926 EMC, 2012 WL 1534913, at *2 (N.D. Cal. Apr. 30, 2012) (citation omitted).

In opposition to the motion to dismiss, Dutra argues that he satisfies the required elements for a § 1981 claim because he is Portugese, the contract impaired was his settlement agreement with BFI, and he has suffered an injury as a result of BFI's delay in delivering the $35,000 settlement payment. Dkt. No. 22 at 2:26-28, 3:1-13.  The § 1981 cause of action pled in the complaint, however, does not specify what the alleged discrimination is or which of the activities enumerated in the statute it concerns. *See* Dkt. No. 7 ¶¶ 19-22. The complaint states that "[v]iolations included but were not limited to" the "[r]ight to be free from discrimination based on race and/or protected activity; and/or" the "[r]ight to Equal Protection of the Law." *Id.* ¶ 22. These allegations are entirely conclusory and must be disregarded by the Court. *See Iqbal*, 556 U.S. at 678.  Moreover, Dutra does not allege any facts whatsoever that could give rise to a plausible inference that BFI's delay in payment was intentional discrimination based on Dutra's race. The Court GRANTS BFI's motion to dismiss Dutra's first cause of action under 42 U.S.C. § 1981 with leave to amend.

    **2.**    **Dutra Fails to State a Claim for Breach of Contract.**

The complaint alleges that BFI failed to comply with the terms of the settlement agreement and the collective bargaining agreement. Dkt. No. 7 ¶ 25. "To state a claim for breach of contract, a party must allege the existence of the contract, the plaintiff's

performance or excuse for nonperformance, the defendant's breach, and damages." *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 900 (N.D. Cal. 2011) (citing *Walsh v. West Valley Mission Cmty. College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998)). The breach of contract cause of action pled by Dutra does not identify the contractual term that was supposedly breached. In opposition to the motion, Dutra asserts that "[t]he contractual duties owed by BFI to Plaintiff include the timely payment of the settlement proceeds – wages – due under the release. A delay of ten (10) days is not reasonable, and violates the express terms of the agreement (section E) and expectations of the parties (exhibit D)." Dkt. No. 22 at 3:24-28. Dutra's reference to a delay of ten days in the opposition contradicts the allegations of the complaint that BFI delayed payment of the settlement amount with three weeks, and appears to be in agreement with BFI's contention that Dutra cashed the check within 10 days after sending the executed settlement agreement to BFI. Dkt. Nos. 7 ¶ 15; 16 at 3:12-17.

Irrespective of the precise length of the delay, the agreement provides that BFI will "pay Dutra the gross amount of $35,000," and that payment will be sent to Dutra's counsel, but does not specify a payment deadline. Dkt. No. 16-1 at 9-12. In the absence of an express payment deadline, a reasonable time for payment is implied. Cal. Civ. Code § 1657; *Henry v. Sharma*, 154 Cal. App. 3d 665, 669 (1984). "What constitutes reasonable time depends on the situation of the parties, the nature of the transaction and the facts of the particular case." *Henry*, 154 Cal. App. 3d at 672 (citations omitted). Here, the complaint contains mere legal conclusions and alleges no facts to suggest that the timing of BFI's payment was unreasonable or that a particular deadline was contemplated by the parties. Dkt. No. 7 ¶¶ 24-29. Dutra must plead "more than just notice of the claim. [Courts] require that the claim be plausible." *Starr v. Baca*, 652 F.3d 1202, 1213 (9th Cir. 2011) (citing *Twombly*, 550 U.S. at 556). Because Dutra has failed to adequately allege a contractual duty that was breached, the Court GRANTS BFI's motion to dismiss as to the second cause of action for breach of contract with leave to amend.

//

### 3. Dutra Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Like the other claims discussed above, the cause of action for breach of the implied obligation of good faith and fair dealing merely states legal conclusions which are insufficient to support a claim for relief. Dkt. No. 7 ¶¶ 31-34 (stating that Dutra "suffered and continues to suffer upon the breach of the agreements" and that "Defendants, unreasonably or without proper cause, breached."). BFI moves to dismiss this cause of action on the grounds that Dutra has not alleged the "good faith" obligation BFI allegedly owed him, or how he was damaged by any purported breach. Dkt. No. 16 at 5:12-14. In his opposition, Dutra argues that the delay of ten days in making the settlement payment breached both the settlement agreement and the covenant of good faith and fair dealing. Dkt. No. 22 at 3:24-28.

The Ninth Circuit has held that "a breach of a specific provision of the contract is not a necessary prerequisite to a breach [of the implied covenant of good faith]. . . . The covenant is implied . . . to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights of the benefits of the contract." *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937-38 (9th Cir. 1999) (internal quotation marks omitted) (citing *Los Angeles Equestrian Center, Inc. v. City of Los Angeles*, 17 Cal. App. 4th 432, 447 (1993) (the implied covenant cannot be extended to create obligations not contemplated by the parties to the contract)); *see also Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930-32 (N.D. Cal. 2012) (holding that where there is no express or implied contractual term, there can be no related breach of the implied covenant of good faith and fair dealing). Here, Dutra has not alleged any facts supporting the conclusion that the timing of BFI's settlement payment was unreasonable, that any other rights under the settlement agreement were frustrated, or that BFI's payment was made in bad faith. Dkt. No. 7 ¶¶ 24-29. Accordingly, the Court GRANTS BFI's motion to dismiss the third cause of action with leave to amend.

//

**4.      Dutra Fails to State a Claim for Untimely Payment of Wages Under the California Labor Code.**

Dutra's fourth cause of action alleges that he "suffered a three-week delay in the payment of his wages due under the settlement agreement" in violation of California Labor Code "including but not limited to Labor Code section 200, 201, et. seq." Dkt. No. 7 ¶¶ 37-39. BFI moves to dismiss on the basis that the settlement payment does not constitute wages. Dkt. No. 16 at 5:15-17. In response, Dutra asserts that he "alleged sufficient facts to show the $35,000 settlement payment constituted wages under the terms of the Labor Code because that is the very language inserted into the settlement agreement by BFI. [Exhibits C & E]." Dkt. No. 22 at 4:2-5; *see* Dkt. No. 16-1 at 10 (settlement agreement) (stating that the settlement payment "represents back wages owed to Dutra in compliance with the Arbitration Award issued . . . on May 18, 2007"). This argument fails as a matter of law.

As explained by the California Court of Appeal in *Dep't of Indus. Relations v. UI Video Stores, Inc.*, 55 Cal. App. 4th 1084, 1096 (1997), the statutory penalties for untimely payment of wages do not apply to payment pursuant to a settlement agreement. The plaintiff in *UI Video Stores* brought a cause of action against the defendant for penalties under California Labor Code § 203 for failure to promptly pay a settlement award that also pertained to back-pay. *Id.* at 1088-89. *UI Video Stores* held that penalties under § 203 apply only to unpaid wages at the time of an employee's discharge. *Id.* at 1096. The court noted that failure to pay a settlement award "does not involve a failure to pay at the time of discharge, and to the extent that the previous action did, any such penalty was subsumed within the terms of the settlement agreement." *Id.* Under the holding of *UI Video Stores*, Dutra's attempt to hold BFI liable for the alleged failure to promptly make a settlement payment cannot give rise to a cause of action for untimely payment of wages under the California Labor Code. The Court, therefore, GRANTS BFI's motion to dismiss the fourth cause of action without leave to amend.

//

### 5. Dutra Fails to State a Claim for Breach of Fiduciary Duty.

Dutra's sixth cause of action for breach of fiduciary duty alleges that BFI "undertook fiduciary duties to Plaintiff as defined, inter alia, by law, the Labor Code, and the settlement agreement." *Id.* ¶ 51. BFI moves to dismiss this cause of action on the basis that Dutra has failed to allege a fiduciary relationship and that the employer-employee relationship is not one that is fiduciary in nature. Dkt. No. 16 at 6:4-11; *see O'Byrne v. Santa Monica-UCLA Med. Ctr.*, 94 Cal. App. 4th 797, 811 (2001) ("employment-type relationships are not fiduciary relationships."). In his opposition, Dutra asserts that he was no longer an employee of BFI at the time he executed the settlement agreement, and that "BFI acted as a fiduciary of the wages, or funds, it held on behalf of Plaintiff under the agreement." Dkt. No. 22 at 4:16-21.

The only authority cited by Dutra in support for his position is *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 205 (1997), a case brought under the Employee Retirement Income Security Act, where the court noted that a retirement plan's beneficiaries could have a claim for a breach of fiduciary duty when "[a] trustees' delay in calculating withdrawal liability threatens the plan's financial position." *Id.* This case does not apply to the facts before the Court here. Furthermore, there is no factual basis alleged in the complaint that could support a claim that the settlement agreement established a trust between Dutra and BFI with respect to the settlement amount. A contract does not automatically give rise to a fiduciary relationship, as creation of such a duty "requires unequivocal contractual language." *Chemical Bank v. Security Pacific Nat. Bank*, 20 F.3d 375, 377 (9th Cir. 1994) (internal quotation marks and citation omitted); *see also Marsh v. Home Fed. Savings & Loan Assn.*, 66 Cal. App. 3d 674, 681-82 (1977) ("A trust requires a clear intention to create the trust, although no particular language is necessary to manifest that intent . . . It is the manifestation of intention which controls and not the actual intention . . ."). Dutra has failed to identify any language in the settlement agreement, Dkt. No. 16-1 at 9-12, or other facts suggesting that the parties intended to create a fiduciary relationship. *See id.* Because the complaint fails to allege

facts supporting Dutra's claim that the settlement agreement gave rise to a fiduciary relationship between BFI and Dutra, the Court GRANTS BFI's motion to dismiss the sixth cause of action with leave to amend.

### 6. The Fifth and Seventh Causes of Action Are Dismissed Without Leave to Amend.

BFI requests that causes of action five and seven, which are addressed only to the Union defendants, be dismissed. Dkt. No. 16 at 5:23-24, 6:12-13. Because Local 350 and its president are no longer defendants, Dkt. No. 14, and Dutra agrees that these claims should be dismissed, Dkt. No. 22 at 1:28, the Court GRANTS BFI's request and dismisses the fifth and seventh causes of action without leave to amend.

## C. Dismissal under Federal Rule of Civil Procedure 4(m) is not warranted.

BFI also argues that the complaint should be dismissed for failure to provide proper service in accordance with Federal Rule of Civil Procedure 4(m). Dkt. No. 16 at 3:1. On December 5, 2012, the Court ordered Dutra to show cause why this action should not be dismissed for failure to serve within the 120 day period prescribed by Federal Rule of Civil Procedure 4(m). Dkt. No. 6. at 1:27-28. On December 12, 2012, Dutra responded to the Court's order, stating that, after determining that the complaint required amendment, he experienced delays in communicating with counsel. Dkt. No. 9. Dutra stated that service would be completed within two weeks "assuming no significant problems." *Id.* at 2:4-6. The Court discharged the order to show cause on December 13, 2012. Dkt. No. 10. Dutra subsequently filed a proof of service on February 8, 2013, indicating that BFI was served on February 5, 2013. Dkt. No. 12. BFI argues that Dutra's claims should be dismissed as he failed to comply with Federal Rule of Civil Procedure 4(m) by disregarding his commitment to complete service within two weeks of showing cause, and because BFI is not required to show prejudice to justify dismissal. Dkt. No. 23 at 5:6-17.

Federal Rule of Civil Procedure 4(m) states that, after a showing of good cause, courts "must extend the time for service for an appropriate period." The Court has "broad discretion to extend time for service under Rule 4(m)," as it "operates not as an outer limit

subject to reduction, but as an irreducible allowance." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citations omitted). Courts may "consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotation marks and citations omitted). Here, while not a sole deciding factor, BFI has not demonstrated any prejudice as a result of the delay in service and has actually received notice. Dkt. No. 23 at 5:6-17. Under the circumstances, the Court is not persuaded that Dutra's delay in completing service after responding to the Court's order to show cause warrants dismissal of his claims.

## IV. CONCLUSION

For the foregoing reasons, BFI's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is GRANTED, with leave to amend as to the first, second, third, and sixth causes of action, and without leave as to the fourth, fifth, and seventh causes of action. The Court permits Dutra to file a motion, within 21 days from the date of this order, for leave to amend, noticed on a normal schedule. The proposed second amended complaint must be appended to the motion. The motion should clearly explain how the amendment cures the deficiencies described above.

IT IS SO ORDERED.

Date: June 14, 2013

Nathanael M. Cousins
United States Magistrate Judge